**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:   Danielle Alston

Case No.: 18-28402/RG

Judge: Gambardella

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original   ☒ Modified/Notice Required   Date: 8/2/19
☐ Motions Included   ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __SH__   Initial Debtor: __DA__   Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____See Part e_____ per _____ to the Chapter 13 Trustee, starting on _____ for approximately _____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

   ☐   Future earnings

   ☐   Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

   ☐  Sale of real property
   Description:
   Proposed date for completion: _____

   ☐  Refinance of real property:
   Description:
   Proposed date for completion: _____

   ☐  Loan modification with respect to mortgage encumbering property:
   Description:
   Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:

   $2088.00 paid to date.  $211.00 per month to be paid to the Chapter 13 Trustee Starting on August 1, 2019 for the remaining 50 months.

**Part 2:    Adequate Protection ☒ NONE**

      a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

      b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ |
| DOMESTIC SUPPORT OBLIGATION | | |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☐ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Ocwen Loan Servicing | Residence | $8,107.18 | N/A | $8,107.18 | $1482.55 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.)  The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.)  Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Global Lending Services | 2013 Volkwagon Jetta | Unknown | To be surrendered in full satisfaction of the claim, no deficiency |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:    Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

**Part 7:    Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Secured Claims
3) Unsecured Claims
4) _____

**d. Post-Petition Claims**

The Standing Trustee ☒ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9:   Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 11/27/18                              .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| The debtor has surrendered the 2013 Volkswagon Jetta | The plan allows the debtor to surrender the vehicle in full satisfaction of the claim. |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☒ Yes   ☐ No

### Part 10:   Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 8/2/19                                                                                    /s/ Danielle Alston
                                                                                                         Debtor

Date: _____                                                    _____
                                                                                                         Joint Debtor

Date: 8/2/19                                                                                    /s/ Sharon Henderson
                                                                                                         Attorney for Debtor(s)

```
                         United States Bankruptcy Court
                              District of New Jersey

In re:                                                     Case No. 18-28402-RG
Danielle Alston                                            Chapter 13
       Debtor                   CERTIFICATE OF NOTICE
District/off: 0312-2         User: admin                Page 1 of 2              Date Rcvd: Aug 05, 2019
                             Form ID: pdf901            Total Noticed: 31


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 07, 2019.
db             +Danielle Alston,    19 Essex Street,    East Orange, NJ 07017-1305
cr             +DEUTSCHE BANK NATIONAL TRUST COMPANY,    Robertson Anschutz & Schneid, P.L.,
                 6409 Congress Ave., Suite 100,   Boca Raton,, FL 33487,    UNITED STATES 33487-2853
517811084      +Bank of Missouri,    Attn: Total Card Inc.,    2700 S. Lorraine Place,
                 Sioux Falls, SD 57106-3657
517756351       Capital One Bank,    PO Box 85057,   Richmond, VA 23285-5057
517756352      +Convergent Outsourcing,    800 SW 39th Street,    Renton, WA 98057-4927
517850297      +Deutsche Bank National Trust Company as Trustee,    for GSAMP Trust 2007-FM1, Mortgage Pass-,
                 1661 Worthington Road, Suite 100,   West Palm Beach, FL 33409-6493
517756353       Dr. Jacob M Plawner, DDS,    Attn Broder Credit and Collection Servic,
                 140 Mountain Ave., PO Box 226,   Springfield, NJ 07081-0226
517756354       Enterprise Rent a Car,    PO Box 405738,   Atlanta, GA 30384-5738
517756357     ++FORSTER & GARBUS LLP,    60 VANDERBILT MOTOR PARKWAY,    P O BOX 9030,   COMMACK NY 11725-9030
               (address filed with court: Forster, Garbus and Garbus,    60 Motor Parkway,
                 Commack, NY 11725-5710)
517756356      +First Premier Bank,    601 S. Minnesota Ave.,    Sioux Falls, SD 57104-4868
517756359       Mid-America Bank and Trust,    216 W 2nd Street,    Dixon, MO 65459-8048
517756360      +O'Gorman Motors,    983 Chancellor Avenue,   Irvington, NJ 07111-1236
517793464       Pinnacle Credit Services, LLC its successors and,    assigns as assignee of Cellco,
                 Partnership d/b/a Verizon Wireless,   Resurgent Capital Services,    PO Box 10587,
                 Greenville, SC 29603-0587
517756364      +Tate and Kirlin Associates,    580 Middletown Blvd, Suite 240,    Langhorne, PA 19047-1876
517756365      +The Bank of Missouri,    5109 S Broadband Lane,    Sioux Falls, SD 57108-2208
517756366      +The Bank of Missouri/Total Visa,    5109 S Broadband Lane,    Sioux Falls, SD 57108-2208
517756367       Total Visa,   PO Box 91510,    Sioux Falls, SD 57109-1510
517756368       Total Visa,   PO Box 5220,    Sioux Falls, SD 57117-5220
517756370      +Wilhelmina Alston,    19 Essex Street,   East Orange, NJ 07017-1305

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Aug 05 2019 23:33:50     U.S. Attorney,    970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Aug 05 2019 23:33:48     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
517756350       E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Aug 05 2019 23:39:28     Capital One Bank,
                 PO Box 30285,    Salt Lake City, UT 84130-0285
517756355       E-mail/Text: bknotices@totalcardinc.com Aug 05 2019 23:33:52     First Access,    PO Box 89028,
                 Sioux Falls, SD 57109-9028
517756358       E-mail/Text: bankruptcy@glsllc.com Aug 05 2019 23:30:20     Global Lending Service,
                 PO Box 10437,    Greenville, SC 29603
517863235       E-mail/Text: bankruptcy@glsllc.com Aug 05 2019 23:30:20     Global Lending Services LLC,
                 1200 Brookfield Blvd Ste 300,    Greenville, South Carolina 29603
517833490      +E-mail/Text: dkretschmer@bchaselaw.com Aug 05 2019 23:33:46     Jacob M. Plawner, DDS,
                 c/o Bart A. Chase, Esq.,    PO Box 871,   Summit, NJ 07902-0871
517756361      +Fax: 407-737-5634 Aug 06 2019 00:03:19    Ocwen Loan Servicing,    1661 Worthington Rd,
                 Ste. 100,   West Palm Beach, FL 33409-6493
517756362       E-mail/PDF: resurgentbknotifications@resurgent.com Aug 05 2019 23:40:10
                 Pinnacle Credit Services,    P.O. Box 640,   Hopkins, MN 55343-0640
517832989      +E-mail/Text: JCAP_BNC_Notices@jcap.com Aug 05 2019 23:34:01     Premier Bankcard, Llc,
                 Jefferson Capital Systems LLC Assignee,    Po Box 7999,   Saint Cloud Mn 56302-7999
517756363      +E-mail/Text: bankruptcy@pseg.com Aug 05 2019 23:30:22     Public Service,    PO Box 490,
                 Cranford, NJ 07016-0490
517756369      +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Aug 05 2019 23:30:17
                 Verizon Wireless,    PO Box 26055,   Minneapolis, MN 55426-0055
                                                                                              TOTAL: 12

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517756371*     Wilhelmina Alston,    19 Essex Street,   East Orange, NJ 07017-1305
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

```
District/off: 0312-2              User: admin                Page 2 of 2                  Date Rcvd: Aug 05, 2019
                                  Form ID: pdf901            Total Noticed: 31
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 07, 2019                                           Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 2, 2019 at the address(es) listed below:
              Denise E. Carlon    on behalf of Creditor    Global Lending Services, LLC dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Harold N. Kaplan    on behalf of Creditor    DEUTSCHE BANK NATIONAL TRUST COMPANY hkaplan@rasnj.com,
               informationathnk@aol.com
              Kevin Gordon McDonald    on behalf of Creditor    Global Lending Services, LLC
               kmcdonald@kmllawgroup.com,    bkgroup@kmllawgroup.com
              Laura M. Egerman    on behalf of Creditor    DEUTSCHE BANK NATIONAL TRUST COMPANY
               bkyecf@rasflaw.com,    bkyecf@rasflaw.com;legerman@rasnj.com
              Marie-Ann Greenberg    magecf@magtrustee.com
              Sharon Henderson    on behalf of Debtor Danielle  Alston shenderson@lsnj.org
              Sindi  Mncina    on behalf of Creditor    DEUTSCHE BANK NATIONAL TRUST COMPANY smncina@rascrane.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 8
```